Michael Buxbaum
7491 N Federal Hwy
Boca Raton, Florida

May 21, 2025

United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Michael Buxbaum v Town of Clarkstown Police Department
Docket: 7:25-cv-00518

To United States District Judge Judge Philip M. Halpern

A request is being made pursuant to your court's rules to Judge Philip M. Halpern, United States District Judge Southern District of New York for an Order to Show Cause to be filed and docketed with the court with no notice communicated to Defendant Town of Clarkstown Police Department to the Police Chief Jeffrey Wanamaker to be ENJOINED and RESTRAINED and REMOVED from the responsibilities and duties of police chief of Defendant Town of Clarkstown with an Injunction for fraudulent communications made and making with money and False Claims made to the United States of America Government with spending such money fraudulently.

I, Michael Buxbaum, Pro Se Litigant have not notified the Defendant Town of Clarkstown Police Department to the Police Chief Jeffrey Wanamaker for the Injunctive relief and according to the court's rules I am requesting a pre-motion conference pursuant to Federal Rule 65(b) that states:

(b) Temporary Restraining Order.

    (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

        (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

        (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

    (2) *Contents; Expiration.* Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state

---

**[Stamped Order:]**

Application denied without prejudice for failure to comply with Rule 65(b) of the Federal Rules of Civil Procedure. Plaintiff has failed to sufficiently show "immediate or irreparable injury, loss, or damage," to justify his failure to provide notice to Defendant of this application. Plaintiff has also failed to abide by Rule 4.F of this Court's Individual Practices, and accordingly, this application is denied.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and terminate the letter motion pending at Doc. 29.

SO ORDERED.

_/s/ Philip M. Halpern_
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
       June 3, 2025

why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) *Expediting the Preliminary-Injunction Hearing.* If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) *Motion to Dissolve.* On 2 days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

Defendant Town of Clarkstown Police Department employer department agency through its Police Chief Jeffrey Wanamaker that is an employee of the agency is in violation and noncompliance of NYS Consolidated Laws, Chapter 62, Article 10, Section 150 of the municipal corporation that was paid more than a personnel budgeted salary during the years of 2020 through 2025 of approximately more than $1,479,443 not including the same budgeted personnel salary estimate of calendar year 2020 totaling $1,742,923 with salary:

| Year | Salary |
|------|--------|
| 2025 | $319,061 Police Chief |
| 2024 | $302,790 Police Chief |
| 2023 | $297,056 Police Chief |
| 2022 | $297,056 Police Chief |
| 2021 | $263,480 Police Captain |
| 2020 | ? |

The aforementioned amounts do not include the violations of the NYS Laws for compensation paid from the Town of Clarkstown municipal corporation to Defendant Town of Clarkstown Police Department to the Police Chief Jeffrey Wanamaker that was paid from the municipal corporation without internal controls defined in the Yellow Book: Government Auditing Standards 2018 and 2024 with reference to the Green Book: Standards for Internal Control in the Federal Goverment 2014 and 2025 since the Defendant Town of Clarkstown Police Department received earned income from the municipal corporation and received earned income for compensation for salaries, for compensation for pensions, and for compensation for other postemployment benefits in violation and noncompliance of NYS Consolidated Laws, Chapter 62, Article 10, Section 120 and in violation of NYS Consolidated Laws, Chapter 24, Article 2, Section 6-R with a definition of Personal Services from contract law that states: "referring to the

special and often times unique abilities and talents of individuals that cannot be replaced by the abilities and talents of another person."

While designated with the responsibilities of police chief of Defendant Town of Clarkstown Police Department police chief employee Jeffrey Wanamaker was and is the department employer in which the worst triple homicide occurred under the color of law on December 29, 2023 when a resident in the jurisdiction in the Defendant Town of Clarkstown Police Department and a police officer that had allegedly worked with elementary age school children in New York State went home and executed a woman that was an educator and wife that was married to the murderer along with two elementary age school children that were the biological sons of the homicidal maniac. Subsequent to the worst triple homicide in American Law Enforcement history the Defendant Town of Clarkstown Police Department paid more compensation with budgeted personnel salary to the Police Chief Jeffrey Wanamaker with fraudulent payments to the NYS Police and Fire Retirement System PFRS. These fraudulent payments occurred and were made with minimal to none internal controls and with no public recommendations or disclosure from the audit committee of the municipal corporation to the United States of America Government.

The absence of police enforcement in the Defendant's Town of Clarkstown Police Department jurisdiction with no effective internal controls for money was the direct reason and causation and the only reason that a homicidal police officer working in Westchester, New York returned to his home on Friday, December 29, 2023 in Clarkstown, NY to execute his legal wife and assassinate his two biological male sons. Defendant Town of Clarkstown Police Department through the Police Chief Jeffrey Wanamaker with dereliction of duty concealed a resident police officer with mental illness and did not prevent a psycho killer cop from committing the worst triple homicide in America in New City, NY, USA for fraudulent communications with money and False Claims made to the United States of America Government with spending such money fraudulently in violation of the United States False Claims Act, U.S. Code Title 31, Subtitle III, Chapter 37, Subchapter III § 3729 - False claims: (a) Liability for Certain Acts, that states:

a) Liability for Certain Acts.-

(1) In general.-Subject to paragraph (2), any person who-

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);

(D) has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property;

(E) is authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

(F) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge property; or

(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government,

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104–410 1), plus 3 times the amount of damages which the Government sustains because of the act of that person.

    (b) Definitions,

    (c) Exemption From Disclosure, and

    (d) Exclusion.

with judicial precedent from the United States Supreme Court (see: United States, ex rel. Irwin Eisenstein, Petitioner, v. City of New York, New York) et al., Argued April 21, 2009 and Decided June 8, 2009) that states:

"The FCA establishes a scheme that permits either the Attorney General, § 3730(a), or a private party, § 3730(b), to initiate a civil action alleging fraud on the Government."

I, Michael Buxbaum, state that my schedule is available to the court's schedule for a teleconference in support of my Plaintiff's Michael Buxbaum Order to Show Cause for Defendant Town of Clarkstown Police Department to ENJOIN and RESTRAIN and REMOVE Police Chief Jeffrey Wanamaker from the responsibilities and duties of police chief for Defendant Town of Clarkstown Police Department.

From: Michael Buxbaum, Pro Se Litigant

Michael Buxbaum
7491 N Federal Hwy
125
Boca Raton FL 33487



**USPS CERTIFIED MAIL**

9214 8901 4298 0418 8687 81

0011679740000011
United States District Court
Southern District of New York
500 Pearl Street
New York NY 33487
USA



RECEIVED
MAY 28 2025
PRO SE OFFICE