UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL BUXBAUM,

                     Plaintiff,

-against-

TOWN OF CLARKSTOWN POLICE
DEPARTMENT,

                     Defendant.

**ORDER**

25-CV-00518 (PMH)

PHILIP M. HALPERN, United States District Judge:

On January 16, 2025, Michael Buxbaum ("Plaintiff"), proceeding *pro se*, commenced this action against the Town of Clarkstown Police Department ("Defendant"). (Doc. 1). On March 3, 2025, the Court issued an Order directing Plaintiff to serve the summons and Complaint on Defendant within 90 days of the issuance of the summons. (Doc. 4). On March 4, 2025, a summons was issued (Doc. 5), and on April 30, 2025, Plaintiff filed proof of service on Defendant indicating service was completed that day. (Doc. 17). However, on May 14, 2025, before Defendant was required to answer or otherwise respond to the Complaint, Plaintiff filed an Amended Complaint. (Doc. 27). To date, Plaintiff has not filed proof of service of the Amended Complaint, and Defendant has not appeared, nor has it answered the Complaint or the Amended Complaint.

A default may be entered by the Clerk when a defendant fails to answer a complaint. The party seeking default judgment must adhere to the two-step process outlined in Fed. R. Civ. P. 55. First, pursuant to Rule 55(a), a party must obtain from the Clerk of the Court an entry of default. Fed. R. Civ. P. 55(a). If, like here, "plaintiff's claim[s are not] for a sum certain or a sum that can be made certain by computation . . . the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). The "district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause

of action." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The Court likewise does not accept blindly the allegations concerning damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). While an evidentiary hearing under Rule 55(b)(2) is not required, a plaintiff must establish through affidavits or other evidence "a basis for the damages specified in the default judgment." *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

    <u>Plaintiff, by September 29, 2025, shall either: **a)** seek a Clerk's Certificate of Default for Defendant's failure to appear or answer the original Complaint; or **b)** serve the Amended Complaint on Defendant and file an affidavit of service of the Amended Complaint.</u> Plaintiff's failure to either apply for a Clerk's Certificate of Default, or prove service of the Amended Complaint on Defendant, by September 29, 2025, may result in dismissal of this action.

    Plaintiff is reminded that he must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so. Plaintiff is further reminded that failure to comply with the Court's orders may likewise result in dismissal of this action.

    Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide a pro se party with advice in connection with their case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit). Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment. If a litigant has questions about the intake form or

needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   White Plains, New York
         August 29, 2025

PHILIP M. HALPERN
United States District Judge