UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL BUXBAUM,                                   :
                Plaintiff,                    :
v.                                                 :
                                                      : **ORDER**
TOWN OF CLARKSTOWN POLICE             :
DEPARTMENT,                                         : 25-CV-00518 (PMH)
                                                 :
                Defendant.                  :
------------------------------------------------------------x

PHILIP M. HALPERN, United States District Judge:

On January 16, 2025, Michael Buxbaum ("Plaintiff"), proceeding *pro se*, commenced this action against the Town of Clarkstown Police Department ("Defendant"). (Doc. 1). On March 3, 2025, the Court issued an Order directing Plaintiff to serve the summons and Complaint on Defendant within 90 days of the issuance of the summons. (Doc. 4). On March 4, 2025, a summons was issued (Doc. 5), and on April 30, 2025, Plaintiff filed proof of service on Defendant indicating service was completed that day. (Doc. 17). However, on May 14, 2025, before Defendant was required to answer or otherwise respond to the Complaint, Plaintiff filed an Amended Complaint. (Doc. 27). As of August 29, 2025, Plaintiff had not filed proof of service of the Amended Complaint, and Defendant had not appeared, nor had it answered the Complaint or the Amended Complaint. Therefore, on August 29, 2025, the Court directed Plaintiff to, by September 29, 2025, either a) seek a Clerk's Certificate of Default for Defendant's failure to appear or answer the original Complaint; or b) serve the Amended Complaint on Defendant and file an affidavit of service of the Amended Complaint (Doc. 31). The Court warned that failure to comply with the Order may result in dismissal of the action. (*Id.*). Plaintiff did not respond to the Order.

On October 1, 2025, the Court issued an Order to Show Cause why this action should not be dismissed without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b). (Doc. 32). The Court warned that the action will be dismissed unless, by October 29, 2025,

1

Plaintiff shows good cause in writing for his failure to comply with the Court's August 29 Order. (*Id.*). Plaintiff did not respond to the Order to Show Cause and there has been no activity on the docket since then.

### STANDARD OF REVIEW

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-04000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). The Second Circuit has directed district courts to consider five factors in determining whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the

> court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to communicate with the Court since May 2025. Plaintiff was directed on August 29, 2025 to either: a) seek a Clerk's Certificate of Default for Defendant's failure to appear or answer the original Complaint; or b) serve the Amended Complaint on Defendant and file an affidavit of service of the Amended Complaint. (Doc. 31). Plaintiff failed to respond. On October 1, 2025, Plaintiff was directed to show good cause in writing for his failure to comply with the Court's prior Order. (Doc. 32). No response has been filed to date. Indeed, Plaintiff has not contacted the Court since filing a Letter Motion on May May 28, 2025, which the Court denied without prejudice on June 3, 2025. (Docs. 29, 30). Plaintiff's failure to comply with the Court's directives over four months is sufficient to support dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-02326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned that failure to comply with the Court's directives could result in dismissal of this action. The August 29 Order warned that "failure to [comply with this

3

Order] may result in dismissal of this action." (Doc. 31). The October 1 Order also warned that Plaintiff's failure to comply would result in "dismiss[al] without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b)." (Doc. 32).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here is inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter against Defendant Town of Clarkstown Police Department for more than four months.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-06717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since the Amended Complaint was filed in May 2025, the Court has issued multiple directives pressing Plaintiff to advise whether he intended to seek a Clerk's Certificate of Default or serve the Amended Complaint on Defendant and file an affidavit of service of the Amended Complaint. These directives included two orders which explicitly warned that the action would be dismissed for failure to comply. Plaintiff has not complied with those directives or otherwise communicated with the Court in any way, and the Court has no reason to believe that he intends to pursue this action against Defendant Town of Clarkstown Police Department any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-03707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b)

proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED:

Dated: White Plains, New York
January 9, 2026

_____
Hon. Philip M. Halpern
United States District Judge